**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JUWANN HAYES**                                                                                    **PETITIONER**

**VS.**                        **CASE NO.: 4:16-CV-598-BRW-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction, and**
**LESLIE RUTLEDGE, Attorney General of Arkansas**                **RESPONDENTS**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party may file written objections with the Clerk of Court within fourteen (14) days of the date of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**     **Discussion**

On August 19, 2016, Petitioner Juwann Hayes filed the pending petition for a writ of habeas corpus under 28 U.S.C. §2254. (Docket entry #2) According to the petition, Mr. Hayes was sentenced to three years' probation after a 2015 conviction on state drug charges. In July of 2016, he was arrested and charged with possession of methamphetamine and drug paraphernalia and placed in the Pulaski County Regional

Detention Facility ("PCRDF"). He contends that the new charge is barred by the constitution's double jeopardy clause. (#2) In his petition, Mr. Hayes requests release from the PCRDF, dismissal of state charges, monetary damages, and an order "preventing present and future such violations." (#2)

On September 1, 2016, less than two weeks after Mr. Hayes filed the pending petition, mail sent to him at the PCFDF was returned as undeliverable. (#4) On September 7, 2016, Mr. Hayes was ordered to notify the Court of his current address within thirty days or risk dismissal of his petition. (#6) On September 16, the September 7 Order was returned to the Court as undeliverable. (#7)

Apparently, Mr. Hayes is no longer in the PCRDF, as evidenced by the returned mail. (#4 and #7) In Director Kelley's response to the petition, she provided evidence confirming that conclusion. According to Respondent, Mr. Hayes was released on bond (#8-5), is subject to a pending motion to revoke bond (#8-6), and has not yet been sentenced for the charge prompting the custody at issue in this case. At this time, Mr. Hayes does not appear on the publicly available PCRDF inmate roster or the Arkansas Department of Correction inmate database.

As noted in a previous Order, Mr. Hayes's petition might now be moot since he is not presently in custody. (#6) See *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978 (1998)(petitioner's release mooted his petition because he no longer presented a case-or-controversy under Article III, § 2, of the Constitution).

Mr. Hayes has failed to inform the Court of his current address as required by Local Rule 5.5 and as directly ordered on September 7, 2016. The Court has been unable to contact him since the petition was filed in August, 2016. The time for complying with the September 7 Order has long since passed.

Due to the stringent federal habeas filing requirements, this Court is hesitant to recommend dismissal for failing to comply with local rules. In this case, however, it appears that Mr. Hayes's petition is currently moot considering that he is not in custody. Furthermore, Mr. Hayes requests relief not available in a habeas action, *i.e.*, dismissal of pending state charges and money damages. Given these facts, Judge Wilson should dismiss Mr. Hayes's petition, without prejudice, under Local Rule 5.5(c)(2).

### III. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Hayes has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Hayes has not provided a basis for issuing a certificate of appealability.

### IV. Conclusion

For the reasons set forth above, the Court recommends that Mr. Hayes's petition be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to timely notify the

Court of his current address and for failure to comply with the Court's Order of September 7, 2016.  In addition, Judge Wilson should decline to issue a certificate of appealability.

DATED this 26th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE